**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4563**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS BROCK BYRD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:06-cr-00298-D-1)

Submitted:  July 27, 2020                     Decided:  August 4, 2020

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Brock Byrd appeals from the district court's judgment revoking his supervised release and imposing a 60-month prison term. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, *see United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), evaluating the same general considerations "employ[ed] in our review of original sentences," *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2018)] factors." *Id.* (internal footnote omitted); *see* 18 U.S.C. § 3583(e) (2018). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks and brackets omitted).

Only if we determine that a revocation sentence is unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (internal quotation marks and brackets

2

omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

Byrd argues that the 60-month prison term is plainly unreasonable because, in imposing it, the district court failed to give real consideration to the advisory policy statements and range, and considered factors precluded by 18 U.S.C. § 3583(e). Byrd's assertions are belied by the record.* In imposing sentence, the district court calculated the policy statement range at 24 to 30 months' imprisonment, ensured the parties had no objection to its calculation, explained it understood the advisory nature of the range, considered the range, and explained its reasons for imposing a sentence 30 months above the top of that range at the statutory maximum. Further, although not couched entirely in the precise language of applicable § 3553(a) sentencing factors and factors applicable for consideration under the U.S. Sentencing Guidelines Manual, the district court's reasons for imposing the 60-month term are easily matched to factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Byrd's violative conduct, his history and personal characteristics, and the sanctioning of his breach of trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the

---

* Although Byrd also references the sufficiency of the district court's explanation for the 60-month sentence in his brief, he has not preserved appellate review of this issue. *See* Fed. R. App. P. 28(a)(8)(A); *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 383 n.3 (4th Cir. 2018) (holding that appellants' "passing reference [to issue was] insufficient to preserve the issue for our review because they fail[ed] to include reasons and citations as required by [the federal appellate] rules").

defendant's breach of trust. . . . [T]he sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new [violative] conduct."), and were tied to Byrd's particular situation.

The court did state in a concluding comment that it imposed the 60-month term in part based on the need to punish Byrd's breach of trust. Byrd argues that, because this factor derives from 18 U.S.C. § 3553(a)(2)(A)-which a district court is not directed by 18 U.S.C. § 3583(e) to consider in devising a revocation sentence-the 60-month term is unreasonable.

We have recognized that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not" require reversal "when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642. We reject Byrd's argument that the district court impermissibly relied on the need for the sentence to provide just punishment. Under the circumstances presented in this case, this factor is intertwined with the primary factor a district court must consider when crafting a revocation sentence—the defendant's breach of trust.

Byrd's 60-month revocation prison term is not unreasonable and, therefore, not plainly so. Accordingly, we affirm the revocation judgment. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*